

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2005

# Spencer v. Verizon Connected

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4074

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Spencer v. Verizon Connected" (2005). *2005 Decisions.* Paper 884.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/884

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4074
_____

WILBERT J. SPENCER, JR.

Appellant

v.

VERIZON CONNECTED SOLUTIONS, INC.
_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 03-cv-00031)
District Judge: Honorable Gregory M. Sleet
_____

Submitted Under Third Circuit LAR 34.1(a)
June 6, 2005

Before:  RENDELL, AMBRO and FUENTES, Circuit Judges

(Filed:  July 7, 2005)

_____

OPINION
_____

PER CURIAM

Wilbert J. Spencer, Jr. Appeals pro se from the entry of summary judgment in

favor of the appellee on his claim of employment discrimination.  After carefully

reviewing the record, we agree with the District Court that summary judgment for

Verizon was appropriate.

We assume that the parties are familiar with the background, which is fully described in the District Court's Memorandum Opinion. We merely summarize the pertinent facts here. Spencer was employed by appellee Verizon Connected Solutions, Inc. (Verizon) from 1998 until 2001 as a Multi-Media Services Technician ("MMST"). As an MMST, Spencer's duties included installing, maintaining and repairing multi-media equipment for Verizon's customers. The physical requirements of the position included crawling into tight spaces, climbing telephone poles, and moving and lifting equipment. According to Verizon, an essential function of the position also required the ability to lift up to 100 pounds. In December 1999, Spencer injured his back in a slip-and-fall accident at work. He was diagnosed with a herniated disc and was temporarily restricted by his doctor from bending repetitively or lifting more than 25 pounds. Spencer was subsequently examined by another physician who concluded that a person with a herniated disc would be permanently restricted from repetitively lifting over 50 pounds. Spencer was administratively discharged by Verizon on January 12, 2001.

After receiving a "right to sue" letter from the Equal Employment Opportunity Commission ("EEOC"), Spencer filed this suit pro se in 2003. Spencer's complaint asserted that Verizon violated the Americans with Disabilities Act ("ADA") both when it terminated him due to his disability and when it failed to provide him with reasonable accommodation. After completion of discovery, the District Court granted Verizon's motion for summary judgment on all claims, dismissed Spencer's complaint, and denied

2

four of Spencer's pending discovery motions as moot. Spencer timely filed this appeal.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment and apply the same test as did the District Court. See Deane v. Pocono Med. Ctr., 142 F.3d 138, 142 n.3 (3d Cir. 1998). We must determine whether the record shows that there was no genuine issue of material fact and that Verizon was entitled to summary judgment as a matter of law. See Fed. R. Civ. P. 56(c).

In order to state a prima facie case of discrimination under the ADA, a plaintiff must establish that he or she (1) is "disabled" as defined by the ADA; (2) is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) has suffered an otherwise adverse employment decision as a result of discrimination. Gaul v. Lucent Technologies, Inc. 134 F.3d 576, 580 (3d Cir. 1998). To qualify as "disabled," a plaintiff must demonstrate that: 1) he has a physical or mental impairment that substantially limits one or more of his major life activities; or 2) he has a record of such an impairment; or 3) he was regarded as having such an impairment. See 42 U.S.C. § 12102(2). On appeal, the parties do not contest that Spencer's back injury constitutes a physical impairment. We thus consider whether this impairment substantially limited Spencer in a major life activity.

"Major life activities" are those activities that are of central importance to daily life. Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 197 (2002). EEOC regulations list "caring for oneself, performing manual tasks, walking, seeing, hearing,

3

speaking, breathing, learning, and working" as examples of major life activities. See 29 C.F.R. § 1630.2(i). Spencer fails to allege that his back injury substantially limits any major life activity. Even if Spencer had argued that his back injury affected his work as an MMST, his inability to perform this particular job would not constitute a substantial limitation in the major life activity of "working," and he has not alleged that he is unable to work in a class of jobs or a broad range of jobs. See Deane, 142 F.3d at 144 n.7; Tice v. Ctr. Area Transp. Auth., 247 F.3d 506, 512-13 (3d Cir. 2001). Indeed, Spencer asserted several times that he could work despite his back injury, and the record indicates that Spencer was employed elsewhere at various times throughout this litigation. Spencer thus could not show that he was disabled within the meaning of 42 U.S.C. § 12102(2)(A).

Alternatively, Spencer asserts that he was able to return to his MMST position in full capacity but was prevented from doing so by Verizon. Spencer appears to allege that, although he was not actually disabled, he was regarded as being disabled by Verizon. See 42 U.S.C. § 12102(2)(C). We agree with the District Court that Spencer cannot make a prima facie showing that Verizon regarded him as being disabled. See Deane at 142 F.3d at 143.

Because Spencer was unable to make a prima facie showing that he was disabled, Verizon was entitled to judgment as a matter of law. We find no abuse of discretion in the District Court's denial of Spencer's discovery motions, as any information crucial to establishing a prima facie case would have been within Spencer's knowledge. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817-18 (3d Cir. 1982). Similarly, the

4

accessibility of this information rendered the appointment of counsel unwarranted.  See

Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993).

For the foregoing reasons, we will affirm the District Court's judgment.